NO. 07-04-0354-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 2, 2004

_____

IN RE PAUL EDWARD CUMMINS, JR., RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Proceeding *pro se* and *informa pauperis,* relator Paul Edward Cummins, Jr., an inmate, filed a petition for a writ of mandamus requesting this Court to compel respondent Larry Leflore, Vice Chairman of the Classification and Records Department of the Texas Department of Criminal Justice, to restore street-time credit for time spent out of custody while on mandatory supervision.[1]  We dismiss the petition for want of jurisdiction.

---

[1]Relator's petition was filed on July 9, 2004, unaccompanied by the required filing fee or an affidavit of indigence.  In response to this Court's letter requesting the fee, relator timely filed a declaration of inability to pay on July 20, 2004.  *See* Tex. R. App. P. 20.1(3). Pursuant to Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997), we imply the Rule 10.5(b) motion for extension of time.  Relator also filed a motion for extension of time in which to file a petition for writ of mandamus on July 20.  His petition having been previously filed on July 9, we moot the motion and rule on the petition in this opinion.

A court of appeals has the authority to issue writs of mandamus against a judge of a district or county court in the court of appeals' district and all writs necessary to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2004). An official with the Texas Department of Criminal Justice is not within our jurisdictional reach and thus, we have no authority to issue a writ of mandamus against respondent. Further, relator has failed to demonstrate that issuance of a writ is necessary to enforce our jurisdiction in a particular case. Consequently, we have no authority to grant relator the relief he requests.

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.


Don H. Reavis
Justice